The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Although on May 17, 1993 defendant-employer offered plaintiff the modified security guard/parking lot attendant's job approved in March of that year by his treating physician, Dr. David Dye, and one that was within the physical limitations of his permanent back injury; not only was plaintiff justified in refusing to accept the same job because, for the reasons hereinafter stated, it involved the type of prohibited "make work" or specifically tailored job referred to in the Peoples vs. Cone Mills Corporation Case (infra), which was neither available in the open and competitive labor market nor reflective of his actual wage earning capacity, but plaintiff has since sustained a substantial change for the worse in his condition and by the time Dr. Dye re-examined him on March 28, 1994 was no longer capable of working at any job, including the modified security guard/attendant's job earlier offered him.
2. During the 11 years prior to May of 1992 when he was laid off, Harold Moore performed the security guard/parking lot attendant's job and before then a part-time employee did. Not only was Mr. Moore physically capable of doing a lot of walking, but as part of the same job was required to do so in the course of patrolling the premises and had to punch a timer during his rounds. Neither of the guard houses in which Mr. Moore worked were air-conditioned and only one was heated.
3. Because of the physical limitations of his permanent back injury, however, plaintiff was neither capable of patrolling the parking lot nor of working in nonair-conditioned and unheated guard houses.
4. On May 17, 1993 defendant-employer offered plaintiff a modified security guard/parking lot attendant's job where he was not responsible for patrolling the premises on foot, but allowed to observe (visibly patrol) the area while remaining stationary in one of the premises two guard houses and (defendant-employer) agreed to install air-conditioning and heating units.
5. Until plaintiff was offered the modified security guard/parking lot attendant's job in May of 1993, the only time that anyone had done the job in the intervening year since Harold Moore was laid off was when defendant-employer hired retirees to work on a part-time basis during the twice yearly furniture market, the first consisting of nine days and the second a shorter period. Notwithstanding a stated desire to hire someone because of its security concerns; defendant-employer does not currently employee anyone as a security guard/parking lot attendant nor has the same employer hired anyone to do so since plaintiff refused to accept the same job other than the previously described part-time retirees during the twice yearly furniture markets as well as its practice of using the position to provide temporary modified work to employees on workers' compensation until they could return to their regular jobs, which plaintiff can never do because of his permanent back injury.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Although for the reasons stated in the above Findings of Fact plaintiff was not only justified in refusing to accept the modified security guard/parking lot attendant's job offered him in May of 1993 by defendant-employer; but has since sustained a substantial change for the worse in his condition and by March 28, 1994 was no longer capable of performing any type work, including the modified security guard/parking lot attendant's job, entitling him to compensation benefits at a rate of $324.60 per week from January 24, 1994 when the Industrial Commission improvidently granted defendant-employer's Form 24 Application to Stop Payment of Benefits for plaintiff's continuing disability under Deputy Commissioner Chapman's prior award to the date of the scheduled hearing and thereafter continuing at the same rate so long as he remains totally disabled. G.S. § 97-29, Peoples vs. Cone MillsCorporation, 316 N.C. 426 (1986).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of his continuing disability, compensation at the rate of $324.60 per week from January 27, 1994 when the Industrial Commission improvidently approved defendant-employer's Form 24 Application to Stop Payment of Benefits due under Commissioner Chapman's prior award for plaintiff's continuing total disability to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled. Such compensation as has accrued hereunder shall be paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. At this time a reasonable attorney fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto.
3. To the extent they have not already done so and the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of his November 2, 1988 back injury when bills for the same are submitted on proper forms, through the above-named servicing agent, to the Industrial Commission for approval and are approved by the Commission.
4. Defendant shall bear the costs, including as part thereof an expert witness fee in the amount of $250.00 to Dr. David Dye, who appeared by way of deposition and gave expert medical testimony herein as well as the $200.00 expert witness fee previously awarded Dr. Roy for his deposition testimony to the extent the same has not already been paid.
FOR THE FULL COMMISSION
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/21/95